UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| LIBERTY MUTUAL FIRE INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) ) | 5:19-CV-101-REW-MAS |
| SELLERS MANUFACTURING CORP., | ) ) ) ) | |
| Defendant. | ) ) | |

## **REPORT AND RECOMMENDATION**

This case, as well as companion cases 5:19-cv-124-REW, *Erie Ins. Exchange v. Sellers Manufacturing Corp.*, and 5:19-cv-116-REW, *The Cincinnati Ins. Co. v. Sellers Manufacturing Corp.*, is before the Court upon the parties' joint motions in all three cases to consolidate the cases. [DE 25; 5:19-cv-124-REW, DE 17; 5:19-cv-116-REW, DE 20]. The District Court referred all three cases to the undersigned for a joint status conference to develop a unified discovery plan and case schedule. The undersigned held that status conference with all parties in all three cases on June 26, 2019. [DE 24].

At the joint status conference, the parties were able to agree on a unified discovery plan. The parties expressed a desire to resolve the case through private mediation in Virginia, where there are interested nonparties, including parties to related personal injury lawsuits, who may participate in that mediation. The unified discovery plan the parties proposed includes twelve months of fact discovery and an additional six months of expert discovery. Although this is longer than the discovery process in a typical case, the Court believes it is justified in this case.

1

Specifically, the parties explained that this is a document-heavy case that will require numerous fact and expert depositions to develop liability for the explosion that gave rise to these lawsuits. The parties intend to engage in an initial phase of discovery with a limited document exchange and targeted depositions. The parties agree that after they have that information, they intend to proceed to mediation long before the close of fact discovery. Should the parties be unable to reach a resolution at the mediation, there will be sufficient time remaining in the proposed fact discovery period for the parties to complete any remaining fact and expert discovery.

The parties also suggested that consolidation of the three cases is appropriate and in the best interest of justice and judicial economy. The Court agrees. "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). "Whether cases involving the same factual and legal questions should be consolidated for trial is a matter within the discretion of the trial court." *Cantrell v. GAF Corporation*, 999 F.2d 1007 (6th Cir. 1993) (citations omitted). When deciding whether to consolidate cases that involve common questions of law or fact, the trial court must consider and make reference to the following factors:

> [W]hether the specific risk of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden of parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple trial alternatives.

*Cantrell*, 999 F.2d at 1011 (citing *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492 (11th Cir. 1985)). "Care must be taken that consolidation does not result in unavoidable prejudice or unfair advantage." *Id*. In these cases, the parties agree that multiple lawsuits will delay settlement, confuse the discovery process, and increase the cost of litigation exponentially. These three cases arose out the same explosion. The discovery documents and depositions will overlap, if not be

identical, in all three cases. There is a risk that if these cases proceed separately and are ultimately tried separately, that different juries will reach different results as to Sellers' liability and the value of any damages. Moreover, judicial efficiency and costs to the parties certainly warrants trying these matters together as opposed to conducing three separate trials when the legal and factual issues before the factfinder will be the same. Finally, Sellers represented at the status conference that the value of the claims in these cases, plus related personal injury litigation occurring in Virginia, far exceeds the amount of insurance coverage available. Consolidating these cases, all parties agreed, will likely facilitate the extra-judicial resolution of the case the parties desire.

The Court, having considered the parties' representations at the status conference, and being otherwise sufficiently advised, RECOMMENDS the following:

1. The instant case be consolidated with 5:19-cv-124-REW, *Erie Ins. Exchange v. Sellers Manufacturing Corp.*, and 5:19-cv-116-REW, *The Cincinnati Ins. Co. v. Sellers Manufacturing Corp.*;

2. Parties exchange Rule 26(a)(1) disclosures by July 31, 2019. The parties shall timely exchange supplemental information as required by Rule 26(e). These disclosures need not be filed in the Court record. Supplementation is due within 30 days of discovery of new information or the need to supplement, but shall occur no later than 30 days prior to the discovery deadline.

3. Parties complete all fact discovery by July 31, 2020. Service of written discovery shall be calculated to secure a response within this deadline.

4. Parties file any motion to join parties or amend the pleadings by March 31, 2020.

5. Parties file a status report every sixty days, beginning August 30, 2019, advising the Court of the status of discovery, whether mediation has been scheduled, whether all necessary

parties and non-parties to this litigation have agreed to participate in discovery and mediation, and, if appropriate, the outcome of any mediation conducted in this district or any other district. The parties shall advise the Court whether non-parties to this litigation who possess necessary information or may have claims related to this litigation are fully cooperating in the discovery and mediation process.[1]

6. Plaintiff disclose the identity of expert witnesses who may be used at trial, accompanied by written reports signed by the Rule 26(a)(2)(B) expert witnesses and/or written summaries consistent with Rule 26(a)(2)(C), as applicable, not later than June 30, 2020. Defendant shall do the same by July 31, 2020.

7. Parties complete all expert discovery by January 31, 2021.

8. No later than March 1, 2021, parties shall file all dispositive motions and *Daubert* motions. Response and reply time shall be governed by the local rule.

9. The Court recommends the District Court set a trial date after June 1, 2021.

Entered this 12th day of July, 2019.

---

[1] At the status conference, the parties stated there are interested non-parties who may not be able to be joined in this case due to jurisdictional issues, or third parties who do not have claims but have information necessary for the resolution of this case. The parties requested the Court order or compel these parties to cooperate and participate fully in the discovery and settlement process so that this case may be efficiently and economically resolved. The parties expressed concern that if all interested parties are not "at the table" at mediation, it will be impossible to resolve the case through those means, and, ultimately, the insurance coverage will be exhausted before all claims or potential claims are resolved. The Court does not have jurisdiction to require non-parties to take any action, but the Court encourages any interested non-party to participate in mediation and cooperate in the discovery process to effectuate an economical resolution of this case.

